UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John R. Kroger,

                Plaintiff,      Case No. 25-10927

v.                                Judith E. Levy
                                United States District Judge

United States of America, *et al.*,

                                Mag. Judge Elizabeth A.
            Defendants.    Stafford

_____/

**ORDER GRANTING UNITED STATES OF AMERICA AND THE KROGER CORPORATION'S MOTIONS TO DISMISS [10, 14]**

*Pro se* Plaintiff John R. Kroger brings suit against the United States of America, the State of Michigan, the State of Wisconsin, the State of California, and the Kroger Corporation. (ECF No. 1.) Plaintiff's complaint is difficult to understand, but he appears to allege that he is victim of a "discriminatory organized crime racketeering ring" involving all Defendants. (*Id.* at PageID.6.) Plaintiff appears to seek relief in the form of damages. (*Id.* at PageID.8 (listing "lost university education, $96,000, sen[i]ority and pay grade, 4 laptop, 4 mobile phones, damage to

home, damage to car[,] fraud damage to my reputation, damage to physical body").)

On May 20, 2025, the United States filed a motion to dismiss. (ECF No. 10.) On May 27, 2025, the Kroger Corporation filed a motion to dismiss. (ECF No. 14.) Plaintiff filed a response, and the United States filed a reply. (ECF Nos. 16, 17.)

For the reasons set forth below, the United States and the Kroger Corporation's motions to dismiss (ECF Nos. 10, 14) are granted.

### I. Plaintiff's failure to serve the United States

The Court will first address Plaintiff's failure to properly serve the United States.

On May 5, 2025, Plaintiff filed copies of the allegedly-executed summons for all Defendants. He represents that he served the United States of America by sending "summons through FedEx Ann Arbor to the United States Executive Attorney's office U.S. Department of Justice." (ECF No. 9, PageID.43.) Similarly, Plaintiff states that he served the "US Attorney's Office" and the "US Attorney General" on May 5, 2025, by sending "summons through FedEx Ann Arbor to the Executive Office for the United States Attorney's Office U.S. Department of Justice." (*Id.* at

PageID.42, 44.) The Court notes that the 90-day deadline for service passed on June 30, 2025.

Regarding Plaintiff's service of the United States, the Government asserts that Plaintiff's complaint must be dismissed for failure to serve pursuant to Federal Rules of Civil Procedure 12(b)(5).[1] (ECF No. 10, PageID.58–59.)

Federal Rule of Civil Procedure 4(i) states that a party wishing to serve the United States must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and must "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Here, Plaintiff appears to have only sent a copy of the summons, not the complaint. (ECF No. 9, PageID.42–43.) Additionally, he did not send a copy to the United States attorney for the Eastern District of Michigan,

---

[1] The Government's motion to dismiss regarding Rules 12(b)(2), (4), and (5) concerns Plaintiff's failure to properly serve it and, as such, Plaintiff's failure to establish personal jurisdiction over the Government. (ECF No. 10, PageID.65–66.) Because the Government's argument concerns "the mode of delivery" and/or "the lack of delivery," the Government's motion is proper under Rule 12(b)(5), not 12(b)(4). *See* 5B Charles Alan White & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1353 (4th ed. 2025). The Court will address the Government's motion as one brought under Rule 12(b)(5).

and did not send a copy by registered or certified mail to the U.S. Attorney General. Plaintiff does not explain his failure to serve the United States, nor does he ask for an extension to properly serve it. (*See* ECF No. 16.) As such, Plaintiff has not properly served the United States and his complaint against the United States must be dismissed pursuant to Rule 12(b)(5).

## II. Plaintiff's failure to state a claim

Additionally, the United States and Kroger argue that Plaintiff does not plausibly state a claim against them and that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 10, 14.) The Court agrees.

### A. Legal Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plausible claim need not contain "detailed factual allegations,"

4

but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level." *Id.*

A pro se complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B.  Analysis

Plaintiff brings suit against Defendants and describes his claim against them as being "U.S. Departmental Fraud," "Federal-State Agencies and Entities that are bound to my family name creating a discriminatory organized crime racketeering ring." (ECF No. 1, PageID.6.) In his complaint, he does not fill out the section titled

"Statement of Claim," but attaches a January 22, 2025 letter from the Federal Bureau of Investigations stating that his Freedom of Information/Privacy Acts request was reopened but that it was "unable to identify records subject to the FOIPA that are responsive to [his] request." (*Id.* at PageID.7, 10.) Plaintiff also attaches an undated letter to "The Government of The United States of America." (*Id.* at PageID.12–14.) Plaintiff does not explain the significance of this letter or if it is intended to be a statement of his claim.

In the letter, Plaintiff states that he is "seeking representation for arbitration against the Kroger company and federal and state government and its agencies and entities concerning the industrialization and commercialization of my family name causing organized crime against my possessions, property and family." (*Id.* at PageID.12.) Plaintiff further states that "The Centralized Banking System, Federal Reserve and the Government of the United States of America, federal-state investment arms of the Kroger company are all agencies that are bound to my family name as a federal-state entity" and that this has "caused compound racketeering through the industrialization and commercialization of my family name in the

6

competitive market system and the commercialization of Education and its federal and state entities which include international, national-federal securities, subsidies and contracts until February 2025." (*Id.*)

Even assuming that this letter is intended to describe Plaintiff's claims against Defendants, Plaintiff fails to state a claim. Plaintiff appears bring a racketeering claim against Defendants. (*See id.* at PageID.6 (alleging that "federal-state agencies and entities . . . [are] creating a discriminatory organized crime racketeering ring"); *id.* at PageID.13 (blaming his damages on "Organized Crime Racketeering"); *see also* ECF No. 16, PageID.102 (describing "Discriminatory malicious Racketeering").) As such, the Court will construe Plaintiff's case as a civil Racketeer Influenced and Corrupt Organization Act ("RICO") claim.

First, Plaintiff fails to state a claim against the United States because it is immune from RICO claims. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) ("[T]here can be no RICO claim against the federal government."); *McBratnie v. Rettig*, No. 22-1915, 2023 WL

7

10477135, at *2 (6th Cir. Aug. 14, 2023). As such, Plaintiff's RICO claim against the federal government must be dismissed.[2]

Next, Plaintiff's allegations are insufficient for a RICO claim against Kroger. As set forth in 18 U.S.C. § 1962, RICO prohibits various racketeering activities. Based on the Court's review of the complaint, Plaintiff appears to allege that Kroger violated § 1962(b) or (c), which both require allegations of "a pattern of racketeering activity." Racketeering activity is defined as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical" or "any act which is indictable" under certain criminal statutes. 18 U.S.C. § 1961(1).

Here, Plaintiff does not describe any act done by Kroger that could be construed as racketeering activity. Plaintiff repeatedly states that he was "racketeered," but his description of racketeering activity is vague and conclusory. He states that he was "hacked out of finishing my degree"

---

[2] Because the United States is immune from RICO claims, the Court also lacks jurisdiction over that claim. *See McBratnie*, 2023 WL 10477135, at *2 (affirming dismissal of RICO claim against the United States under Federal Rule of Civil Procedure 12(b)(1)).

while he was a student at Central Michigan University," experienced "compound racketeering through the industrialization and the commercialization of my family name," experienced "cyber-crime," and was wrongfully terminated from Kroger. (ECF No. 1, PageID.12–13.) Additionally, Plaintiff makes references in his request for relief to "damage to home, damage to car, fraud damage to my reputation, damage to physical body." (*Id.* at PageID.8.)

Regarding Plaintiff's allegation that he was a victim of hacking or wrongfully terminated, neither hacking nor wrongful termination appear to be included in the statutory definition of "racketeering activity." Further, Plaintiff does not set forth sufficient, plausible factual allegations that Kroger was involved in any hacking.

Regarding Plaintiff's allegation that he was the victim of "cyber-crime" or "compound racketeering," or that Kroger harmed his belongings, reputation, and physical body, Plaintiff's allegations are conclusory and insufficient to state a claim. His complaint does not describe any specific actions taken by Kroger, when these activities took

9

place,[3] or what activities constitute "cyber-crime," "compound racketeering," or harm to himself, his reputation, or his belongings. Without these allegations, Plaintiff's complaint is insufficient and must be dismissed.

## III.  Conclusion

For the reasons set forth above, Defendants United States and Kroger's motions to dismiss (ECF Nos. 10, 14) are GRANTED.

IT IS SO ORDERED.

Dated: December 31, 2025            s/Judith E. Levy
Ann Arbor, Michigan                 JUDITH E. LEVY
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 31, 2025.

s/Kelly Winslow
KELLY WINSLOW
Case Manager

---

[3] Plaintiff states that he has "been racketeered by the federal-state agencies and systems for 10 years," but does not otherwise describe when any actions took place. (ECF No. 1, PageID.12.)